

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Austin, Texas

Dear Sir:

Opinion No. O-5547
Re: Interpretation of Senate
Bill No. 27, 48th Legis-
lature, as to the rela-
tionship between the
State Auditor and the
Prison System Auditor
under the present law.

COPY

This will acknowledge receipt of your letter of recent date requesting the opinion of this department upon the above stated subject. We quote at length from your letter as follows:

"We greatly desire your interpretation of Senate Bill No. 27, as passed by the 48th Legislature, in regard to the following:

"In Section 1 of that Bill funds remaining in the Appropriation for the current biennium for the Auditor provided in Section 18, Chapter 212, Acts of the Regular Session of the 40th Legislature 'may be used by and are subject to the provisions hereof'. In Section 18, Senate Bill No. 27, it is provided that the above mentioned Section 18, Chapter 212 of the 40th Legislature 'shall in no way relieve the State Auditor from the duties and responsibilities of auditing

the Texas Prison System the same as every other
department, board, bureau or institution of this
State'.

"The full meaning of these provisions in
Senate Bill No. 27 is not entirely clear to me.
One interpretation is that in effect Section 16
of Chapter 812 has been repealed and that the
selecting of a Prison Auditor is now up to the
State Auditor - that such Prison Auditor becomes
an Assistant State Auditor or that (which means
the same thing) an Assistant State Auditor should
now be assigned as Prison Auditor. The present
Prison Auditor seems to be under this impression.
The fact that the appropriation is transferred
could mean that this is true, but the Section 16
of Senate Bill No. 27 does not appear to me to
mean that. In the Appropriations for the next
biennium, September 1st, 1943 to August 31st,
1945, there is included an appropriation for a
Prison Auditor at $3,000.00 per year, the same
as in the current Appropriation Act.

"Please tell us your interpretation of the
relationship between the State Auditor and the
Prison System Auditor under the present laws.
Whatever it may be will of course be satisfactory
to us but we certainly need to know just what it
is - and at your earliest possible convenience."

Sections 1 and 16 of Senate Bill No. 27 respectively
provide as follows:

"House Bill No. 170, Chapter 91, of the
Acts of the First Called Session of the 41st
Legislature of the State of Texas, 1929, be and
the same is hereby repealed, save and except
that the State Auditor and Efficiency Expert
and his employees shall continue to discharge
the functions of the office under such House
Bill No. 170 until a State Auditor has been
appointed and has qualified under the terms

Hon. C. H. Cavness, Page 3

of this Act. Upon the qualification of a
State Auditor under the terms of this Act,
any funds remaining in the appropriation for
the current biennium for the office of State
Auditor and Efficiency Expert and for the
Auditor provided in Section 18, Chapter 212,
Acts, Regular Session, 40th Legislature, may
be used by and are appropriated for the office
of State Auditor provided for in this Act, sub-
ject to the provisions hereof. In addition,
there is hereby appropriated for the remainder
of the current biennium the sum of Fifteen
Hundred ($1500.00) Dollars or so much thereof
as, together with appropriations transferred,
is necessary to pay the State Auditor the sal-
ary hereinafter provided."

"The provisions of Section 18 of Chapter
212 of House Bill No. 59, Acts of the Regular
Session of the 40th Legislature, shall in no
way relieve the State Auditor from the duties
and responsibilities of auditing the Texas
Prison System the same as every other depart-
ment, board, bureau or institution of this
state."

Section 18 of Chapter 212 of House Bill No. 59,
Acts of the Regular Session of the 40th Legislature, provides
for the appointment by the Attorney General, Treasurer and
Comptroller of a permanent auditor for the prison system.
It is the duty of such auditor to audit all accounts,
vouchers, payrolls and all other business transactions of
the prison system, and to check all property, material and
supplies received and disposed of by or within the prison
system.

As so aptly expressed in your request, Section 1
of Senate Bill No. 27 transfers any funds remaining in the
appropriation for the current biennium for the State Prison
Auditor to the office of State Auditor. This would in ef-
fect mean that the office of State Prison Auditor was abol-
ished. Yet, Section 16 of Senate Bill No. 27 just as strong-
ly indicates that the provisions of said Section 18 of Chapter

212 of the Acts of the 40th Legislature are still in force after the effective date of Senate Bill No. 27. We can readily apprehend the query in your mind created by the language of these provisions of this bill with regard to the present status of the State Prison Auditor and the relation between such auditor and the State Auditor.

The ultimate aim in construing a statute is to attempt to ascertain the true legislative intent. We can think of no better method in interpreting this particular bill in order to determine the intent of the Legislature to the question under discussion than to refer to the Legislative journals and records; to do so is a legimate procedure. We quote from 39 Tex. Jur., pages 231 and 232 as follows:

> "When the meaning of a statute is in doubt, reference may be made to legislative journals and records in order to ascertain the history of the passage of the act, to clarify it, or to disclose the intention of the Legislature. Executive messages to the legislative body, debates and committee reports may be considered. . . ."

Accord: Red River Nat. Bank v. Ferguson, 192 S. W. 1088, judgment affirmed 206 S. W. 929, 109 Tex. 287; Martin v. Sheppard, 129 Tex. 210, 102 S. W. (2d) 1036.

We shall, as briefly as possible, trace the legislative history of Senate Bill No. 27 insofar as it is pertinent to the questions under consideration. As presented to the Senate and House of Representatives and as reported from their respective Committees, the title or caption of Senate Bill No. 27 read in part as follows:

> "An Act providing a more efficient fiscal system for the State of Texas; creating a Legislative Audit Committee; repealing House Bill No. 170, Chapter 91, Acts of the First Called Session of the 41st Legislature, and Section 18, Chapter 212, Acts, Regular Session, 40th Legislature; providing that the present State Auditor and Efficiency Expert and the Prison Auditor shall continue to discharge the duties of their offices

under House Bill No. 170 and Section 18 above mentioned until a State Auditor is selected and qualified under this Act; . . . <u>providing that one full time assistant auditor or employee be assigned to the Prison System</u>; providing that the appointment of the State Auditor shall be by and with the consent of two-thirds (2/3) of the members of the Senate; . . ." (Underscoring ours)

Section 16 of Senate Bill No. 27 at this stage of its passage read:

"Section 18 of Chapter 212, House Bill No. 59, Acts of the Regular Session of the 40th Legislature, is hereby repealed; provided, however, that the Auditor provided in such Act shall continue to perform the duties of his office until a State Auditor has been appointed and qualified under the terms of this Act."

After the bill was favorably reported to the House of Representatives, several amendments were offered from the floor and were adopted, none of which has any important bearing upon the precise question under discussion. The Senate refused to concur in the House amendments and requested appointment of a Conference Committee, which request was granted by the House. The result of the conference was the final passage by both Houses of Senate Bill No. 27 in its present form.

It will be noted in the title of our present bill, Section 18, Chapter 212, Acts, Regular Session of the 40th legislature is not repealed; there is no provision that the Prison Auditor shall continue to discharge his duties under Section 18 until a State Auditor is selected and qualifies under the Act; and no provision providing that one full time assistant auditor or employee be assigned to the Prison System. Section 16 of Senate Bill No. 27 no longer reads that said Section 18 is repealed, but to the contrary, provides that the provisions of such section shall in no way relieve the State Auditor from the duties and responsibilities of auditing

the Prison System the same as any other institution of this State. This complete reversal of form with reference to repealing said Section 18 and supplanting an assistant State Auditor for the Prison Auditor is convincing evidence that it was not the intent of the Legislature in the final passage of Senate Bill No. 27 to repeal that portion of the law creating the State Prison Auditor but rather that his status would remain as was before the passage of Senate Bill No. 27 except that his office would be subject to being audited by the State Auditor. Furthermore, in the appropriation bill for the present biennium, there is an appropriation for a State Prison Auditor. In view of the foregoing, we feel constrained to hold that Senate Bill No. 27 did not repeal Section 18, Chapter 212, Acts of the 40th Legislature.

You are therefore advised that it is the opinion of this department that under the present laws the State Prison Auditor is appointed in accordance with the provisions of Section 18, Chapter 212, Acts of the 40th Legislature, and that it is the duty of the State Auditor to audit the Texas Prison System the same as every other department, board, bureau or institution of this State.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Fred C. Chandler*

Fred C. Chandler
Assistant

By *Robert O. Koch*

Robert O. Koch

ROK:FO

APPROVED SEP 22, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY *Bur*
CHAIRMAN